## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 12 2016, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Stone Law Office & Legal Research
Anderson, Indiana

ATTORNEY FOR APPELLEE

Zachary J. Stock
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Hermida, | May 12, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 33A05-1509-DR-1586 |
| v. | Appeal from the Henry Circuit Court. |
| | The Honorable Kit C. Dean Crane, Judge. |
| Cynthia Hermida, | |
| *Appellee-Respondent.* | Cause No. 33C02-1409-DR-209 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Richard Hermida appeals the trial court's valuation of a bank account upon the dissolution of his marriage to Cynthia Hermida. We affirm.

# Issue

Richard presents one issue for our review, which we restate as: whether the trial court erred in valuing one of the bank accounts of the marriage.

# Facts and Procedural History

Richard and Cynthia married on May 17, 1982. During the marriage, Richard handled the parties' finances. One of the accounts in existence during the marriage was a Signature Series Gold account at Citizens State Bank. On September 24, 2014, the parties separated. A final hearing was held on August 26, 2015. The trial court issued its decree of dissolution on September 3, 2015, assigning a value to, among other things, the Signature Series Gold account and dividing the marital estate. This appeal ensued.

# Discussion and Decision

The sole issue in this appeal is whether the trial court erred when it assigned a value of $53,657 to the Signature Series Gold account. We review a trial court's valuation of an asset in a marriage dissolution for an abuse of discretion. *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* There is no abuse of discretion where sufficient evidence and reasonable inferences support the trial court's valuation. *Bingley v. Bingley*, 935 N.E.2d 152, 154 (Ind. 2010). Upon review of a trial court's valuation of property in a dissolution, we neither reweigh the evidence nor

judge the credibility of witnesses. *Crider v. Crider*, 15 N.E.3d 1042, 1056 (Ind. Ct. App. 2014), *trans. denied*.

[5] Here, Richard challenges the $53,657 value the trial court assigned to the Signature Series Gold account. Richard contends that the value assigned to this account by the trial court is improper because it is $23,000 more than the actual account balance at the time of separation. During Richard's direct examination, there was no mention of this account. On cross-examination, he was asked by Cynthia's counsel if $53,657 sounded accurate as the balance for the account. Richard responded that it "might" be the balance, that it seemed high, and that he could not say for sure. Tr. p. 25. Cynthia's counsel then showed Richard two bank statements for the account dated July 23, 2014 and September 23, 2014, which were later admitted into evidence without objection by Richard. The July 23 statement shows an account balance of $53,657.14, and the September 23 statement shows an account balance of $30,279.61. Upon questioning by Cynthia's counsel, Richard testified that prior to filing for divorce, he withdrew $23,000 from the account. On re-direct, Richard stated that he used the money to purchase a car for a third party female in August 2014. During her direct examination, Cynthia testified that Exhibit J was a spreadsheet showing the marital assets, including bank accounts and their balances. Exhibit J includes the Signature Series Gold account with a balance of $53,657. Cynthia's counsel moved to admit Exhibit J, and Richard affirmatively stated he had no objection to the exhibit.

[6] "The burden of proving the value of marital assets is, and should be, on the parties to the dissolution." *Houchens v. Boschert*, 758 N.E.2d 585, 588 (Ind. Ct. App. 2001), *trans. denied*. There is no abuse of discretion where the trial court's valuation of a marital asset is within the range of values supported by the evidence. *Balicki v. Balicki*, 837 N.E.2d 532, 536 (Ind. Ct. App. 2005), *trans. denied*. A valuation submitted by one of the parties is competent evidence of the value of property in a dissolution action and may, alone, support the trial court's determination. *Crider*, 15 N.E.3d at 1056. Moreover, the doctrine of invited error precludes a party from complaining on appeal about an error it prompted. *Webb v. Schleutker*, 891 N.E.2d 1144, 1155 (Ind. Ct. App. 2008).

[7] In this case, Cynthia provided an unchallenged value for the Signature Series Gold account. Although Richard offered his testimony on cross-examination that he withdrew $23,000 and his admission on re-direct that he used the money to buy a car for a third party female, he at no time made any effort to question the value of the account as shown on Exhibit J and in fact acquiesced to Exhibit J's admission. Thus, any error in the value assigned to the Signature Series Gold account was invited by Richard, and he cannot now be heard to complain about any such error. Under these circumstances, we cannot conclude that the trial court abused its discretion in assigning the value of $53,657 to the Signature Series Gold account.

# Conclusion

[8]     For the reasons stated, we conclude the trial court did not abuse its discretion in assigning the value of $53,657 to the parties' bank account.

[9]     Affirmed.


Riley, J., and Crone, J., concur.